IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SARAH TOMPKINS | § | |
| | § | |
| v. | § | Case No. 6:11-cv-82 |
| | § | |
| WAL-MART STORES, INC., and | § | |
| TARGET CORPORATION | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Target Corporation's (Target) and Wal-Mart Stores, Inc.'s (Wal-Mart) Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Rules 12(b)(6) and 9(b) (Doc. No. 148). The Court, having fully considered the parties' arguments, the undisputed facts, and the applicable law, hereby **GRANTS** Defendants' motion to dismiss (Doc. No. 148).

**I.     Background**

Relator Sarah Tompkins (Tompkins) brings this qui tam action in her individual capacity for alleged violations under 35 U.S.C. § 292 for false patent advertising. Section 292 prohibits advertising an unpatented product as patented for purposes of deceiving the public. 35 U.S.C. § 292(a). Tompkins alleges that Defendants engaged in false patent marking by advertising and marketing Briel-Industria de Electrodomesticos' (Briel) espresso maker as having a patented "Crema Master" filter. Briel is the manufacturer of the espresso makers, while Target and Wal-Mart advertise and sell the accused products through their respective online website. Tompkins

specifically alleges that Target and Wal-Mart falsely advertise and market Briel's products on their websites as having patented features when no patents exist.

In seeking dismissal, Defendants argue that Tompkins' pleadings are insufficient under the heightened pleading standard of Rule 9(b).

## II.     Legal Standard

Motions to dismiss for failure to state a claim are "viewed with disfavor, and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation omitted). The Court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). First, the Court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the Court considers the remaining "well-pleaded factual allegations." *Id.* The Court must accept as true all facts alleged in a plaintiff's complaint, and the Court views the facts in the light most favorable to a plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id*. (quotations and citations omitted). In other words, the Court must consider whether a plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.    Discussion

The false marking statue provides, in relevant part, that:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense.

35 U.S.C. § 292. Accordingly, in order to successfully bring a false patent advertising claim, a relator must show: (1) the advertising of an unpatented article; and (2) an intent to deceive the public. *See Hollander v. Timex Grp. USA, Inc.*, Civil Action No. 10-429, 2011 WL 1399806, at *6 (E.D. Pa. Apr. 13, 2011); *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). To establish knowledge of falsity, a relator must demonstrate "that the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent)." *Id.* at 1352–53. Without such proof, there can be no liability under the statute. *Id.* at 1353.

Recently, the Federal Circuit held "that Rule 9(b)'s particularity requirement applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011). Specifically, "a pleading that simply avers the substantive elements of a claim sounding in fraud or mistake, without setting forth the particularized factual bases for the allegations, does not satisfy Rule 9(b)." *Id.* at 1311 (citing *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326–27 (Fed. Cir. 2009)). Knowledge and intent may be pleaded generally and on information and belief. *Id.* But to satisfy the requirements of 9(b), a relator must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Id.* (quoting *Exergen*, 575 F.3d at 1327). The complaint must give

"some objective indication to reasonably infer" that a defendant acted with knowledge of the misrepresentation. *Id.*

Tompkins' complaint fails to allege particularized facts that support a reasonable inference that Defendants advertised the accused products with the requisite intent. The complaint contains only generalized allegations that Defendants acted with an intent to deceive the public. The Federal Circuit specifically rejected such allegations in *BP Lubricants*. *Id.* at 1309.

Tompkins' response highlights her allegations that she believes satisfy Rule 9(b). First, Tompkins points to the allegation that despite a diligent search, she was unable to locate any unexpired patent which could reasonably be believed to cover the allegedly patented "Crema Master" filter. However, Target presented foreign patent documents which it believes covers the advertised espresso makers.

Next, Tompkins notes her allegation that Defendants continue to advertise product features as patented even after being served in this lawsuit. Tompkins argues this placed Defendants on notice of their alleged violations. Further, Tompkins points to her allegation that Target had actual knowledge that the advertised punching bags were not covered by valid patents. Similarly, Tompkins maintains that Target and Wal-Mart advertise the accused products "under a policy of refusing to confirm the patent status of products advertised as patented despite knowledge that at least a significant number of the hundreds or thousands of products advertised by them as being patented are not patented." Compl. at ¶ 16.

In light of these allegations, the Court finds that Tompkins' complaint fails under Rule 9(b) because it does not provide sufficient underlying facts from which the Court can reasonably infer that Defendants acted for the purposes of deceiving the public. At most, Tompkins'

allegations amount to nothing more than a recitation that Defendants are sophisticated companies. Such a conclusory allegation, without a factual foundation, is insufficient under Rule 9(b). *In re BP Lubricants*, 637 F.3d at 1312 (rejecting as insufficient the bare allegation that a defendant is a sophisticated company).

Similarly, the Court is unable to infer the requisite intent from Tompkins' assertion that Target and Wal-Mart have policies of refusing to confirm the patent status of their advertised products. At most, such an allegation suggests that Target and Wal-Mart acted negligently. Under 35 U.S.C. § 292, there is no action for negligently advertising a product if it was not done for the purpose of deceiving the public. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1365 (Fed. Cir. 2010) ("[L]eaving the expired patent numbers on its products after the patents had expired, even knowingly, does not show a 'purpose of deceiving the public.'"); *In re BP Lubricants*, 637 F.3d at 1311 ("Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication of claims that do little more than speculate that the defendant engaged in more than negligent action."). Ultimately, Tompkins' assertion that Target and Wal-Mart had a policy of refusing to confirm patents does not support an inference that they engaged in the alleged conduct for the purpose of deceiving the public.

Consequently, Tompkins' complaint is only based upon generalized allegations—allegations which were similarly rejected in *BP Lubricants*. As the Federal Circuit explained, Rule 9(b) "acts as a safety valve to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery. By eliminating insufficient pleadings at the initial stage of litigation, Rule 9(b) prevents relators using discovery as a fishing expedition." *In re BP Lubricants*, 637 F.3d at 1310. Given the totality of the circumstances and the fact that Tompkins'

complaint presents no objective factual basis for the Court to reasonably infer that Defendants acted with the requisite intent, Tompkins' claim for false marking must be dismissed.

As an alternative to dismissal, Tompkins requests the Court to grant her leave to amend her pleadings. Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." It is within the Court's sound discretion to determine whether to grant leave to amend the pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court can consider a number of factors, "including the futility of amending, the party's repeated failure to cure deficiencies by previous amendments, undue delay, or bad faith." *United States ex rel. Marcy v. Rowan Cos., Inc.*, 520 F.3d 384, 392 (5th Cir. 2008).

Furthermore, "outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004). Nevertheless, a court should deny requests to amend a complaint if it determines that the proposed change "clearly is frivolous, advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading." 6 Charles A. Wright, et al., Federal Practice and Procedure § 1487 (3d ed. 2011).

Since filing her original complaint, Tompkins has filed three amended complaints. The most recent was filed nearly two months after the Federal Circuit issued its decision in *BP Lubricants*. The Court is unconvinced that allowing Tompkins another opportunity to amend her pleadings would cure her complaint's deficiencies. Accordingly, Tompkins' false marking claim must be dismissed with prejudice.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (Doc. No. 148) is hereby **GRANTED**.

**It is SO ORDERED.**

**SIGNED this 9th day of September, 2011.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE